UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
JAYSON EVANS,

                Plaintiff,          Civ.

    -against-

THE CITY OF NEW YORK, POLICE          COMPLAINT AND
COMMISSIONER WILLIAM J. BRATTON, NEW   JURY DEMAND
YORK CITY POLICE OFFICER MOURAD
ARSLANBECK, Shield No. 7813, and NEW
YORK CITY POLICE OFFICER FATON ALICKAJ,
Shield No. 16795,

                Defendants.
-----------------------------------------X

      Plaintiff, by his attorneys, ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, alleges as follows:

PRELIMINARY STATEMENT

      1. This is an action for damages sustained by a citizen of the United States of America against employees of the New York City Police Department who violated the civil and constitutional rights of the plaintiff by falsely arresting and imprisoning him on February 1, 2013; against the Commissioner of the New York City Police Department, WILLIAM J. BRATTON, the official responsible for the training and supervision of New York City Police Officers, and for his individual failure to take corrective action and to implement meaningful procedures to prevent generally unlawful and unconstitutional conduct by police officers against citizens; and against the CITY OF NEW YORK, which is sued as a person pursuant to 42 U.S.C. § 1983.

## JURISDICTION

2. Plaintiff institutes these proceedings and invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 to obtain costs of suit, including reasonable attorney's fees, and to recover damages suffered by plaintiff and caused by defendants' violation of his rights as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the matter in controversy arises under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States.

4. The violation of plaintiff's rights alleged herein occurred within the City, County, and State of New York.

## PARTIES

5. Plaintiff, JAYSON EVANS, is a citizen of the United States of America and was at all times relevant herein an individual residing in the City, County and State of New York, with his residence address located at 306 East 169th Street, New York, New York.

6. Defendant, WILLIAM J. BRATTON, was at all relevant times the duly appointed, qualified, and acting Commissioner of the New York City Police Department. As such, he is the highest supervisory official of the New York City Police Department and is responsible for the training and supervision of police personnel.

He is also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ, and implement regulations and policies. At all relevant times, he was acting in his capacity as an agent, servant, and employee of the defendant City of New York. He is sued individually and in his official capacity.

7. Police Officers MOURAD ARLSANBECK and FATON ALICKAJ are police officers employed by the New York City Police Department and at all relevant times herein were acting in the capacity of agents, servants, and employees of the defendant, CITY OF NEW YORK. They are each sued individually and in their official capacity.

8. Defendant, CITY OF NEW YORK, is a municipal corporation organized and existing pursuant to and by virtue of the laws of the State of New York.

9. At all times relevant herein, the defendants MOURAD ARLSANBECK and FATON ALICKAJ and their agents, assistants, and employees, acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the New York City Police Department, whose acts may fairly be said to represent official policy or governmental custom of the New York City Police Department and the CITY OF NEW YORK.

FACTUAL ALLEGATIONS

10. On February 1, 2013 at approximately 8:45 p.m., JAYSON

3

EVANS, was visiting the home of a friend inside 2971 8th Avenue, New York, New York, and was arrested in a common hallway area of the building by officers MOURAD ARLSANBECK and FATON ALICKAJ without cause or reason. During the process of detaining and interrogating the plaintiff, officers MOURAD ARLSANBECK and FATON ALICKAJ searched the defendant, also without legal or just cause or reason, and discovered a knife which the defendant lawfully possessed and used in his work at a supermarket, and charged him with possession of a gravity knife.

11. In truth and in fact, however, the plaintiff was detained, searched, and arrested with absolutely no legal basis or valid factual cause. All charges were dismissed against plaintiff on October 1, 2013, eight months after his arrest

12. At the time of his arrest, plaintiff explained fully his valid reason for being in the building and plaintiff was not in possession of a "gravity" knife, but was arrested nevertheless. He was handcuffed, taken from the building into custody in front of others, and transported to the police precinct where he was fingerprinted, photographed, and charged with Criminal Possession of Weapon in the Third Degree, and later indicted for such offense.

13. Plaintiff was later transported to Cental Booking and remained in custody approximately 24 hours. He continued thereafter to be maliciously and willfully prosecuted from the moment of his illegal detention until the dismissal of all charges

eight months later on October 1, 2013.

14. As a direct and proximate result of the aforesaid acts of the defendants, the plaintiff has suffered and will continue to suffer injuries, including, but not limited to, loss of liberty, pecuniary injury, mental trauma, nightmares, embarrassment, mental suffering, and emotional anguish.

## FEDERAL CAUSES OF ACTION

15. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

16. The above described actions and omissions, engaged in under color of state authority by the defendants, including defendant CITY OF NEW YORK, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to bodily integrity, and to be free from unlawful seizure of his person, unlawful search, and malicious prosecution.

17. As a result of the foregoing, plaintiff was deprived of his liberty, sustained injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured, all to his damage in an amount to be determined at trial.

## CAUSE OF ACTION AGAINST
## POLICE COMMISSIONER AND MUNICIPALITY

18. Plaintiff incorporates by reference all of the

allegations set forth in each preceding paragraph as if fully set forth at length herein.

19. Defendant CITY OF NEW YORK and WILLIAM J. BRATTON knew or should have known of the propensity of defendants MOURAD ARLSANBECK and FATON ALICKAJ to engage in the illegal and wrongful acts detailed above and/or as a matter of policy and practice, have with deliberate indifference, failed to take steps to uncover and/or correct such conduct. Upon information and belief, defendant CITY OF NEW YORK and WILLIAM J. BRATTON had prior notice of the abusive propensities of defendants MOURAD ARLSANBECK and FATON ALICKAJ, but took no adequate steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

20. Acting under color of law, by and through the policy-makers of the CITY OF NEW YORK, and pursuant to official policy or custom and practice, the CITY OF NEW YORK intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to effectively screen, hire, train, instruct, supervise, control and discipline, on a continuing basis, their police officers, including the defendant police officers herein, for their unlawful propensity, including fabricating criminal charges and falsely swearing to criminal complaints against citizens; and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the individual defendant police

officer herein to be in a position to cause plaintiff injury and violate plaintiff's federal and state constitutional rights, and/or to permit these actions to take place without plaintiff's knowledge or consent.

21. On information and belief, the defendant police officers herein have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendant CITY OF NEW YORK and the New York City Police Department that the defendant police officers herein were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. The CITY OF NEW YORK had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendant CITY OF NEW YORK had the power, authority and duty to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, recklessly or with deliberate indifference to the rights of the inhabitants of the CITY OF NEW YORK, failed to do so.

22. On information and belief, defendant CITY OF NEW YORK and the New York City Police Department maintained an inadequate structure for risk containment and stress management relative to

its police officers, and failed to create proper means of containing such risk and managing such stress. On information and belief, such structure was deficient at the time of selection of police officers, and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers of the New York City Police Department to function at levels of significant and substantial risk to the public in general.

23.    As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK and the New York City Police Department have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or racially motivated behavior.  Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to plaintiff, JAYSON EVANS.

24. As a result of the foregoing, plaintiff was deprived of liberty, sustained emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## NEGLIGENT HIRING, SCREENING, RETENTION SUPERVISION AND TRAINING

25. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

26. The defendant CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants MOURAD ARLSANBECK and FATON ALICKAJ. The acts and conduct of the defendants were the direct and proximate cause of damage to plaintiff, JAYSON EVANS, and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as defendant CITY OF NEW YORK, is employer of defendants, MOURAD ARLSANBECK and FATON ALICKAJ, the CITY OF NEW YORK is liable to plaintiff for negligent hiring, screening, retention, supervision and training.

27 As a result of the foregoing, plaintiff was deprived of liberty, was subject to great humiliation, and was otherwise harmed, damaged, and injured, all to his damage in the amount of One Million ($1,000,000.00) Dollars.

## PUNITIVE DAMAGES CLAIM

28. As a result of the extreme, wanton, and outrageous nature of the conduct of the defendants, MOURAD ARLSANBECK and FATON ALICKAJ in, among other things, arresting the defendant without

cause or reason and falsely arresting plaintiff, the plaintiff is entitled to punitive damages in the amount of One Million ($1,000,000.00) Dollars.

## RESPONDEAT SUPEREOR LIABILITY

29. Plaintiff incorporates by reference all of the allegations set forth in each preceding paragraph as if fully set forth at length herein.

30. At all times relevant herein, the defendants, MOURAD ARLSANBECK and FATON ALICKAJ were acting within the scope of their employment as an officer and agent of the New York City Police Department.

31. The CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of respondeat supereor or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of defendants MOURAD ARLSANBECK and FATON ALICKAJ committed within the scope of their employment.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff for appropriate compensatory damages on plaintiff's federal claims;

B. Awarding plaintiff punitive damages against defendants MOURAD ARLSANBECK and FATON ALICKAJ in the amount of One Million ($1,000,000.00) Dollars;

C.  Pursuant to 42 U.S.C. § 1988 awarding plaintiff the reasonable attorney's fees, interest, costs and disbursements of this action; and

D.  Granting such other and further relief as this court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, New York
         January 15, 2014

                                    ROTHMAN, SCHNEIDER,
                                        SOLOWAY & STERN, LLP
                                    Attorneys for Plaintiff
                                    100 Lafayette Street
                                    New York, New York 10013
                                    (212) 571-5500

                                    By: _____
                                        ROBERT A. SOLOWAY